## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOEL CASTON,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.  08-1656  (JDB)** |
| **JAMES BUTLER,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION

This matter is before the Court on defendant James Q. Butler's motion for summary

judgment.  For the reasons stated below, the Court will deny the motion without prejudice.

### I.  BACKGROUND

Plaintiff, a federal prisoner, brings breach of contract, legal malpractice, and fraud claims

against James Q. Butler, Esq., an attorney and the managing partner of the Butler Legal Group

PLLP, to which plaintiff paid "a flat retainer fee of $5,000 on August 07, 2006[,] to represent

[him] in a post-conviction criminal case."[1]  Compl. ¶ 3; *see id.*, Ex. 2 (copy of cashier's check

payable to the Butler Law Firm).  It appears that plaintiff was challenging his conviction and

sentence by motion under 28 U.S.C. § 2255 on the ground that defense counsel rendered

ineffective assistance during the criminal proceedings.  *See id.*, Ex. 3 (February 14, 2007 letter

from J.Q. Butler).  It further appears that the attorney to whom the plaintiff's case was assigned

---

[1]      It appears that plaintiff's "attorney abandonment, case neglect, and other intention
[sic] conduct" claims, Compl. at 1 (introductory paragraph), are subsumed within the legal
malpractice claim.

left the Butler Legal Group in or about August 2007.  *See id.* ¶ 8 & Ex. 5 (August 10, 2007 letter

from N.D. Flippen).

Months passed, and in October 2007 plaintiff "contacted defendant James Butler via

telephone conference."  *Id.* ¶ 9.  During this conversation, Butler informed plaintiff that "due to

unscrupulous behavior and allegations of embezzlement by [Anthony Andolino], the Butler

Legal Group ha[d] been placed under FBI investigation and the plaintiff's case load simply fell

through the cracks in the midst of the mayhem."  *Id.*  Plaintiff "accepted a verbal and written

agreement to proceed further with the defendant" with the understanding "that within thirty days

the plaintiff [would] receive a case evaluation."  *Id.* ¶ 10.  On February 5, 2008, a representative

of the Butler Legal Group sent plaintiff written confirmation that he was to "receive[] a

completed draft of [his] petition in 30 days' time."  *Id.*, Ex. 6 (February 5, 2008 letter from T.

Johnson).  When plaintiff did not receive the promised draft, he sent a letter to Butler "to

terminate [their] relations and pursue other legal options," to demand the return of the retainer,

and to arrange for the return of legal papers. *Id.*, Ex. 7 (March 20, 2008 letter to Butler).  In June

2008, plaintiff's mother "retrieve[d] the paperwork but was given many different excuse[s] about

the retainer."  *Id.* ¶ 14.  In spite of Butler's verbal assurance to plaintiff that the retainer would be

refunded, *see id.* ¶ 15, Butler did not do so.

Plaintiff demands a declaratory judgment, a refund of the $5,000 retainer, compensatory

damages totalling $150,000, and punitive damages totalling $3,000.  *Id.* at 4 (page number

designated by the Court).

## II.  DISCUSSION

Butler, who characterizes this lawsuit as "a legal malpractice action that is basically

founded on a breach of contract action," moves for summary judgment under Rule 56 of the

Federal Rules of Civil Procedure.  Defendant Butler's Motion for Summary Judgment ("Butler

Mot.") at 2.  The Court grants a motion for summary judgment if the pleadings, the discovery and

disclosure materials on file, together with any affidavits or declarations, show that there is no

genuine issue in dispute as to any material fact and that the movant is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the

absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Factual assertions in the moving party's affidavits or declarations may be accepted as true unless

the opposing party submits his own affidavits, declarations or documentary evidence to the

contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).  The opposing party cannot rely on

mere allegations such as those set forth in his complaint; rather, he must set forth specific facts

supported by affidavit or by other evidence in the record to establish the issues for litigation.  *See*

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The local rules of this Court require that a motion for summary judgment be

"accompanied by a statement of material facts as to which the moving party contends there is no

genuine issue, which shall include references to the parts of the record relied on to support the

statement."  LCvR 7(h).  Similarly, any opposition to a summary judgment motion must "be

accompanied by a separate concise statement of genuine issues setting forth all material facts as

to which it is contended there exists a genuine issue necessary to be litigated, which shall include

references to the parts of the record relied on to support the statement."  *Id*.  When a non-moving

party fails to comply with LCvR 7(h), the Court may assume that the facts identified by the

moving party are admitted.  *See* LCvR 7(h); *Jackson v. Finnegan, Henderson, Farabow, Garrett*

& *Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996).  The purpose of the rule is to "isolate[] the facts

that the parties assert are material, distinguish[] disputed from undisputed facts, and identif[y] the

pertinent parts of the record."  *Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C.

Cir. 1980); *see Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002).  The Court is not obligated

"to sift and sort through the record, that is, engage in time-consuming labor that is meant to be

avoided through the parties' observance of [LCvR 7(h)]."  *Jackson*, 101 F.3d at 153; *see also*

*Burke*, 286 F.3d at 518.

Defendant Butler fails to include a statement of material facts as to which he contends

there is no genuine issue.  Even if defendant had included such a statement with this submission,

it is unlikely that he could have prevailed.  The Court has reviewed Butler's supporting affidavit,

*see generally* Butler Aff., and finds it woefully deficient.[2]  The affidavit is replete with

conclusory statements designed to absolve Butler of legal liability for any of the wrongful acts

alleged in plaintiff's pleading.  Aside from defendant's admission that his firm "was engaged by

the Plaintiff to prepare a motion pursuant to a Federal Habeas, for which [his] office was paid

one retainer payment in the amount of $5,000.00," Butler Aff. ¶ 2, the affidavit sets forth no facts

at all.  Moreover, Butler's own assessment of his performance establishes neither the absence of

genuine issues of material fact nor his entitlement to judgment as a matter of law on plaintiff's

breach of contract, legal malpractice and fraud claims.  Plaintiff apparently misunderstands the

nature of the motion defendant filed, and has responded as if defendant filed a motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint

---

[2]        Defendant Butler attaches his Affidavit to his motion for summary judgment.  *See*
Def.'s Mot., Attach. ("Butler Aff.") [Dkt. # 21-2].

failed to state a claim upon which relief can be granted.  *See generally* Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss for Failure to State a Claim.

Before the Court, then, are a summary judgment motion filed by an attorney which complies neither substantively nor technically with Fed. R. Civ. P. 56 and LCvR 7(h), and an opposition filed by a *pro se* prisoner plaintiff which in substance responds to an entirely different type of dispositive motion.  On this thin record, the Court will deny defendant's motion.   An Order accompanies this Memorandum Opinion.


                                        _____/s/_____
                                        JOHN D. BATES
DATE:  June 26, 2009                    United States District Judge