UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL CASTON,<br><br>    Plaintiff,<br><br>        v.<br><br>JAMES BUTLER, *et al.*,<br><br>    Defendants. | Civil Action No.  08-1656  (JDB) |

MEMORANDUM OPINION

In its June 26, 2009 Memorandum Opinion and Order, the Court denied defendant's motion for summary judgment without prejudice.  *Caston v. Butler*, 629 F. Supp. 2d 20, 23 (D.D.C. 2009).  On July 23, 2009, plaintiff filed a "Memorandum in Traverse & Cross Motion Seeking Summary Judgment," through which he demands "judgment in his favor on all claims filed against . . . defendant[,] . . . a declaratory judgment, i.e., a refund of the $5,000.00 retainer fee, compensatory damages of $5,000.00, and punitive damages of [$]150,000.00[,] [o]r . . . relief by whatever means [the Court] deam's [sic] necessary."  *Id.*  Defendant has not filed an opposition.

The parties do not dispute that defendant Butler's law firm received a retainer of $5,000.00 on August 7, 2006, to represent plaintiff in a post-conviction matter.  *See* Compl. ¶ 3 & Ex. 2; Def.'s Mot. for Summ. J. at 2 & Attach (Butler Aff.) ¶ 2.  Plaintiff avers that Butler failed to provide legal services and that he demanded the return of his files and the retainer.  *See* Compl. ¶¶ 10-13.  Although plaintiff's mother was able to retrieve the files, Butler has not

-1-

refunded the retainer.  *See id.* ¶¶ 14-16; Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss for Failure to State a Claim [#25] ¶ 7.

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  "If the opposing party does not respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).

Plaintiff establishes that there is no genuine issue of material fact as to his payment to Butler of a $5,000.00 retainer fee, his demand for a refund, and Butler's failure to refund the retainer.  Butler has not submitted his own affidavits, declarations or documentary evidence to the contrary.  The Court will grant plaintiff's motion for summary judgment in part, and will enter judgment against Butler and in plaintiff's favor for $5,000.00.  However, because the record lacks evidence to support plaintiff's demands for compensatory and punitive damages, the motion will be denied in part as well.

An Order accompanies this Memorandum Opinion.

DATE:  December 4, 2009

/s/
JOHN D. BATES
United States District Judge