UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOEL CASTON,

    Plaintiff,

        v.                                Civil Action No. 08-1656 (JDB)

JAMES BUTLER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, brought breach of contract, legal malpractice and fraud claims against James Q. Butler ("Butler"), formerly the managing attorney of the Butler Legal Group PLLP. On December 4, 2009, the Court entered a judgment in plaintiff's favor for $5,000, representing the retainer plaintiff paid to Butler's firm on August 7, 2006. *See Caston v. Butler*, No. 08-1656, 2009 WL 4730753, at *1 (D.D.C. Dec. 4, 2009). Because the record at that time "lack[ed] evidence to support plaintiff's demands for compensatory and punitive damages," *id.*, the Court directed plaintiff to file a Motion for Further Judgment on Damages Claims.[1] *Caston v. Butler*, No. 08-1656 (D.D.C. Feb. 4, 2010). Plaintiff's unopposed motion is now before the Court, and for the reasons discussed below, the motion will be granted in part and denied in part.

---

[1] In his initial complaint, plaintiff demanded compensatory damages of $100,000 and punitive damages of $1,000 against defendant Butler. *See* Compl. at 4 (page number designated by the Court). He now demands punitive damages of $100,000. Pl.'s Mot. at 3.

1

Butler allegedly sent "dishonest advertisement material to penal institution[s] with the malicious intent to defraud prisoners and their families of funds with intentional disregard for prisoners['] rights," Pl.'s Mot. ¶ 4, and thereby solicited plaintiff's business, *see id.* ¶ 6. According to plaintiff, Butler not only deprived him of a $5,000 retainer fee but also forced plaintiff "to incur further debt in the attempt to hire another attorney" to perform the legal services Butler failed to provide. *Id.* ¶ 9. Plaintiff also allegedly has foregone "the interest that could have been gained over the 2 year time span of the litigation process." *Id.* In addition to these items of compensatory damages, plaintiff seeks punitive damages.

Plaintiff has not satisfied the stringent requirements for punitive damages. "[T]o obtain punitive damages under District of Columbia law, [plaintiff] must prove, by a preponderance of the evidence, that the [defendant] committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Butera v. District of Columbia*, 235 F.3d 637, 657 (D.C. Cir. 2001) (citations and internal quotation marks omitted); *see Smith v. Wade*, 461 U.S. 30, 56 (1983) (holding that a jury may "assess punitive damages in an action under [42 U.S.C.] § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"). In this jurisdiction, punitive damages are not available "[w]here the basis of a complaint is . . . breach of contract[.]" *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982); *see Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7, 12-13 (D.D.C. 2007). However, where a plaintiff's claims sound in fraud, legal malpractice, or breach of fiduciary duty, as in this case, punitive damages may be awarded. *See Thomas v. Nat'l Legal Prof'l Assoc.*, 594 F. Supp. 2d 31 (D.D.C. 2009) (finding that punitive

2

damages may be recoverable in a case seeking compensatory and punitive damages arising from defendants' post-conviction representation of a *pro se* plaintiff).

In support of his motion, plaintiff attaches copies of two documents generated in the course of disciplinary proceedings against Butler before the District of Columbia Court of Appeals, Board of Professional Responsibility. Generally, plaintiff asserts that several complaints had been filed against Butler with the Office of Bar Counsel regarding Butler's advertising and failure to return unearned fees and expenses. *See* Pl.'s Mot. ¶ 7; *see id.*, Ex. 2 (Order of Hearing Committee No. Four Rejecting Petition for Negotiated Discipline) at 4-6. Plaintiff represents that Butler acknowledged his misconduct in 42 matters pending before the Board of Professional Responsibility in 2008. *Id.* ¶ 8; *see id.*, Ex. 3 (Affidavit of Negotiated Disposition) ¶¶ 2-3. Butler's disbarment from the D.C. Bar is a matter of public record. *In re James Q. Butler*, 982 A.2d 1147 (D.C. 2009) (per curiam). Relying on these exhibits, plaintiff argues that Butler's misconduct in these other matters is conclusive evidence of misconduct in the handling of plaintiff's case.

The Court has reviewed plaintiff's submission and finds it insufficient to warrant an award of punitive damages. Plaintiff's conclusory claims as to Butler's outrageous or reckless conduct do not provide a basis for such an award. *Compare Dingle v. District of Columbia*, 571 F. Supp. 2d 87, 100 (D.D.C. 2008) (dismissing punitive damages claims against two police officers because plaintiff "relie[d] principally on conclusory assertions that the officers . . . acted outrageously and in reckless disregard of her well being") *with Griffith v. Barnes*, 560 F. Supp. 2d 29, 38 (D.D.C. 2008) (awarding punitive damages on plaintiff's clear and convincing evidence that "defendants acted with the sole intent of defrauding a vulnerable individual"). On

the record here as submitted by plaintiff at the Court's request, plaintiff may have shown negligence or even gross negligence, but he has not established the requisite "malice or its equivalent" based on an evil motive or reckless indifference that would warrant an award of punitive damages.

On the other hand, there may be a basis for a further award of compensatory damages. Although plaintiff has not submitted concrete evidence to support his claims, he does specifically seek pre-judgment interest on the $5,000 award previously entered plus his expenditures in attempting to hire another attorney. Given his *pro se* status, the Court will provide plaintiff a final opportunity to submit specific documentation of any actual expenditures he incurred in attempting to hire another attorney, which would be recoverable as additional compensatory damages. As reflected in the accompanying Order, plaintiff must provide the bills or other documentation that establish actual out-of-pocket payments or costs he incurred.

"[W]hether pre-judgment interest is to be awarded is subject to the discretion of the [C]ourt and equitable considerations." *Motion Picture Ass'n of Amer., Inc. v. Oman*, 969 F.2d 1154, 1157 (D.C. Cir. 1992) (citation omitted). Also left to the Court's discretion is the means by which prejudgment interest is computed. *Finks v. Life Ins. Co. of North Am.*, No. 08-1272, 2009 WL 1473939, at *1 (D.D.C. May 27, 2009) (citing *Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446, 450 (D.C. Cir. 1996)). Plaintiff could have earned interest "over the . . . time span of the litigation process," Pl.'s Mot. ¶ 9, and the Court will award plaintiff pre-judgment interest from August 25, 2008, the date on which the Clerk of Court received the complaint, to December 9, 2009, the date on which the Clerk entered a judgment in plaintiff's favor. Absent any suggestion from plaintiff as to the rate or method for calculating interest, the Court turns to the

rate and method applicable to an award of post-judgment interest under 28 U.S.C. § 1961. *See Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 9 (D.D.C. 1997) (holding that pre-judgment interest be calculated in accordance with 28 U.S.C. § 1961 on a back pay award). Interest will not be compounded. *See Finks*, 2009 WL 1473939, at *2.

An Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
DATE: June 22, 2010 United States District Judge